The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William Bost and the briefs and oral arguments before the Full Commission. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Findings of Fact #16, Conclusions of Law #8 and Award #4 and #5.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. An Employee-Employer relationship existed between Plaintiff and Employer-Defendant.
3. On 14 August 1995, Plaintiff sustained an injury by accident arising out of and in the course of his employment with Employer-Defendant.
4. Riscorp of North Carolina, the carrier on the risk, has merged into Zenith Insurance Co.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 14 August 1995, Plaintiff sustained an injury by accident arising out of and in the course of his employment with Employer-Defendant when a piece of metal weighing 10-18 pounds flew out of a machine and struck Plaintiff in the face, knocking him to the floor.
2. This claim was accepted as compensable pursuant to a Form 63 dated August 25, 1995, wherein the carrier undertook to make payments without prejudice to the employee based on a compensation rate of $240.01 per week. Pursuant to a Form 28B filed, compensation was paid to Plaintiff from 22 August 1995, through 11 September 1995. Plaintiff did not miss more than 21 days of work as a result of the injury.
3. Plaintiff was taken to the Frye Regional Medical Center on 14 August 1995, with a laceration to the left side of his cheek. Plaintiff was also diagnosed with a orbital rim fracture. Plaintiff was examined by Dr. Stephen Siciliano on the date of injury. Dr. Siciliano, a plastic surgeon, sutured Employee-Plaintiff's laceration.
4. Plaintiff continued to follow up with Dr. Siciliano. Plaintiff began complaining of headaches and was referred to a neurologist for treatment.
5. Dr. Larry Boyles, a neurologist, first saw Plaintiff on or about 22 August 1995. Dr. Boyles examined Plaintiff and felt that he has post-traumatic headaches which were treated with medication.
6. Plaintiff continued to follow up with Dr. Boyles and Dr. Siciliano. By 23 October 1995, Dr. Siciliano noted that Plaintiff's laceration had healed well. He referred Plaintiff to Dr. Boyles for the treatment of his headaches.
7. Dr. Boyles conducted extensive testing on Plaintiff including an EEG and a repeat sinus series. Dr. Boyles noted that these tests were essentially normal. Dr. Boyles referred Plaintiff to Baptist Hospital for follow up treatment. Dr. Postma of Baptist Hospital offered Plaintiff an injection to numb the sensory nerves of the face and Plaintiff declined this procedure.
8. Dr. Boyles testified that Plaintiff refused referral to a pain control clinic. Dr. Boyles felt that Plaintiff was at maximum medical improvement and stated that he did not know whether Plaintiff would have any permanent effects from his injury.
9. Plaintiff testified that he had numbness in the area of his face. Dr. Boyles testified that it was quite possible that Plaintiff's numbness will resolve.
10. Dr. Siciliano testified that he had never seen a nerve severed in the face and that it was his opinion that most commonly the nerve will repair itself and people will do pretty well. He noted that he had only seen one other patient who had persistent numbness in his face after a facial fracture. Dr. Siciliano stated that he felt Plaintiff was at maximum medical improvement.
11. Plaintiff returned to work at the same or greater average weekly wage on or about 11 September 1995.
12. As a result of Plaintiff's injury, Plaintiff retains a scar on the left side of his mouth approximately one inch long and 1 + inches in width. Such scar is disfiguring. Plaintiff also related that he had tingling on the outside of his face and numbness in the roof of his mouth.
13. Plaintiff testified that since he was 30 years old, he had had severe headaches. Plaintiff had developed these headaches prior to his injury.
14. Plaintiff does not retain any permanent restrictions as a result of his injury. Plaintiff returned to work following this injury. No physician has advised Employee-Plaintiff to restrict his work.
15. Both Dr. Siciliano and Dr. Boyles agree with the recommendations of Dr. John Wilson and Dr. James Toole at N.C. Baptist Hospital that a pain clinic should be tried. Dr. Boyles had sent the employee to Baptist Hospital for a consultation.
16. Plaintiff has sustained his burden of proof to show that his injury was caused by the willful failure of the employer to comply with a safety requirement. Section 1910.212 of the North Carolina Occupational and Health Standards for the General Industry required that a safety guard be installed for machines like the one involved in this injury. There was no safety guard on the machine at Defendant-Employer's workplace. Additionally, the employer knew of the hazard. Plaintiff's supervisor had shown him a 2" diameter hole in the wall where on a previous occasion a piece of metal had been thrown by the same machine, narrowly missing another employee.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident which arose out of and in the course of his employment with Employer-Defendant on 14 August 1995. N.C. Gen. Stat. § 97-2(6).
2. As a result of the injury, Plaintiff retains a small disfiguring scar on the left side of his face in the corner of his mouth. Compensation for head or facial disfigurement is payable pursuant to N.C. Gen. Stat. § 97-31(21).
3. As a direct and proximate result of Plaintiff's work-related injury by accident on 14 August 1995, Plaintiff sustained an injury which requires further medical treatment and supplies. N.C. Gen. Stat. § 97-25.
4. Plaintiff returned to work at the same or greater average weekly wage on 11 September 1995 and is not entitled to further temporary total disability benefits. None of Plaintiff's treating physicians assigned him any work restrictions.
5. Employee-Plaintiff's average weekly wage was $360.00 yielding a compensation rate of $240.00 per week.
6. Plaintiff has not yet reached maximum medical improvement as a result of his compensable injury. N.C. Gen. Stat. § 97-29.
7. Plaintiff is entitled to further medical treatment to be provided by the Pain Management Clinic at N.C. Baptist Hospital in Winston-Salem. N.C. Gen. Stat. § 97-25.
8. Plaintiff is entitled to a safety penalty for Defendant's failure to comply with statutory requirements as set forth in Section 1910.212 of the North Carolina Occupational and Health Standards for the General Industry. N.C. Gen. Stat. § 97-12.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff $1,500, for the disfiguring scar to his face, subject to a reasonable attorney fee approved in Paragraph 2.
2. A reasonable attorney fee in the amount of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid directly to plaintiff's counsel.
3. To the extent that the same is reasonably designed to effect a cure, give relief or lessen the period of disability, defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury, including continued medical care provided by the Pain Management Clinic at N.C. Baptist Hospital in Winston-Salem. Payment shall be made when bills for the same shall have been submitted in accordance with Industrial Commission procedures.
4. Defendants shall pay plaintiff a 10% safety penalty on all compensation heretofore or hereafter paid to plaintiff by reason of this compensable injury.
5. Defendants shall bear the costs.
 S/_________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER